UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 99-4446

MICHAEL A. CLYBURN,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Jackson L. Kiser, Senior District Judge, sitting by designation.
(CR-98-177, CR-98-178, CR-98-179)

Submitted: December 14, 1999

Decided: January 7, 2000

Before LUTTIG and MOTZ, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

COUNSEL

Charles D. Luckey, BLANCO, TACKABERY, COMBS & MATA-
MOROS, P.A., Winston-Salem, North Carolina, for Appellant. Walter
C. Holton, Jr., United States Attorney, L. Patrick Auld, Assistant
United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael A. Clyburn was convicted by a jury of three counts of bank robbery, see 18 U.S.C.A. § 2113(a) (West Supp. 1999), and acquitted of using or carrying a firearm during a crime of violence. See 18 U.S.C.A. § 924(c) (West Supp. 1999). Clyburn was sentenced to a term of 300 months imprisonment. Clyburn appeals his sentence, arguing that the district court failed to make adequate findings and should have used the clear and convincing standard of proof when it found that he was accountable for the firearm possessed by his accomplice, Derrick Shuron, during the third robbery. We affirm.

Shuron testified at Clyburn's trial that, in late February 1998, he accepted Clyburn's invitation to go to North Carolina to rob banks. Clyburn then drove Shuron from Baltimore to Winston-Salem, North Carolina, and shortly afterward, Shuron robbed three banks while Clyburn waited in his car. Shuron testified that, before the third robbery, Clyburn gave him a gun to carry. After this robbery, as Shuron ran toward the getaway car, a dye pack exploded in his pocket, attracting the attention of several witnesses, one of whom called the police and reported the license number of Clyburn's car after Shuron got into it. Clyburn drove a short distance from the bank, then, fearing arrest, told Shuron to get out of his car. Both Clyburn and Shuron were arrested soon afterward. Shuron was stained with red dye and had a loaded semiautomatic handgun in his pocket. Clyburn denied any involvement in the robberies.

Because a firearm was possessed during the third bank robbery, the probation officer recommended a five-level enhancement to the base offense level under U.S. Sentencing Guidelines Manual § 2B3.1(b)(2)(C) (1998). In written objections to the presentence report, Clyburn disputed the enhancement, asserting that he did not give the gun to Shuron and did not know that Shuron had it. However,

2

at the sentencing hearing, Clyburn presented no evidence on this issue. His attorney noted that Clyburn denied participating in the robberies. The district court overruled the objection to the firearm enhancement, observing that "the evidence is that they had the gun, both of them knew about it, it was in the car."

Clyburn concedes on appeal that, generally, in deciding issues pertaining to the defendant's sentence, the district court may take into account acquitted conduct and that the accepted standard of proof is by a preponderance of the evidence. See United States v. Watts, 519 U.S. 148, 156 (1997). He argues that his is an exceptional case where relevant conduct of which the defendant has been acquitted so dramatically increases the sentence that due process requires use of the clear and convincing standard of proof. See id. (acknowledging split in circuits over whether "extreme circumstances" may require use of higher standard).

We find, first, that it was Clyburn's burden to show in some affirmative manner that the information in the presentence report that he supplied the firearm to Shuron was inaccurate or unreliable. See United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). Because he did not attempt to make such a showing, the district court was free to adopt the recommendations in the presentence report without making explicit findings. See id. Moreover, given that the enhancement depended on the district court's assessment of the credibility of Shuron's trial testimony, and the district court evidently found that testimony believable, we cannot say that the district court clearly erred in finding that Clyburn was complicit in Shuron's possession of the firearm during the robbery. See United States v. Romer, 148 F.3d 359, 371 (4th Cir. 1998), cert. denied, ___ U.S. ___, 119 S. Ct. 1032 (1999).

Finally, with regard to the principal issue raised here, Clyburn did not ask the district court to apply a clear and convincing standard of proof. Consequently, we apply the plain error standard of review. See United States v. Olano, 507 U.S. 725, 732-35 (1993) (error must have occurred, which was plain, affected the defendant's substantial rights, and must be corrected to protect the fairness, integrity, or public reputation of judicial proceedings). We cannot find that the district court plainly erred here because we have consistently applied the prepon-

3

derance of the evidence standard at sentencing. Nor do we find that Clyburn's five-level enhancement creates an exceptional circumstance which might warrant consideration of a higher standard of proof.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED